IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| SOLVI BRANDS, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v.  ) | Civil Action No. |
| ) | |
| UNITED BRANDS COMPANY, INC., ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT FOR DECLARATORY JUDGMENT

This action is for declaratory judgment under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202. Plaintiff, Solvi Brands, LLC ("Solvi"), for its complaint against Defendant, United Brands Company, Inc. ("United Brands"), states and alleges as follows:

## PARTIES

1. Solvi is a Delaware limited liability company with its principal place of business in Roswell, Georgia.

2. United Brands is, on information and belief, a California corporation with its principal place of business in Los Angeles, California.

DC 278764.1

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over Plaintiff's federal claim pursuant to 15 U.S.C. § 1121, and 28 U.S.C. §§ 1331 and 1338 in that this Complaint raises federal questions arising under the Lanham Act, 15 U.S.C. § 1051 *et seq*. Additionally, this Court has subject matter jurisdiction over Plaintiff's unfair competition claims pursuant to 28 U.S.C. § 1338(b), and over Plaintiff's remaining claims pursuant to 28 U.S.C. § 1367(a).

4. This Court has personal jurisdiction over the Defendant, at least for the reason that Defendant has, upon information and belief, sold products that are the subject of this action in this district.

5. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and (c), since a substantial part of the events giving rise to Plaintiff's claim occurred in this district, and since Defendant is subject to personal jurisdiction in this district.

## FACTUAL BACKGROUND

### A. Solvi's Use of the CRUNK and CJ CRUNK JUCE Trademarks

6. Plaintiff, through its exclusive licensee, Gila Brew Co. LLC, manufactures and sells fruit-flavored malt beverages under the trademark CJ CRUNK JUCE.

7. Plaintiff's licensee, Gila Brew Co. LLC, began using the CJ CRUNK JUCE trademark in commerce at least as early as June 22, 2010.  On March 15, 2010, Plaintiff filed a U.S. Federal trademark application for the mark CJ CRUNK JUCE and design in the following form: which was assigned Serial Number 77/959,145, for "flavored brewed malt beverage."  Plaintiff's application disclaims all rights in the term "Juice" apart from the mark as a whole, following United States Patent & Trademark Office practice to disclaim the term "Juice" for products containing fruit juices or fruit flavoring, because the term directly describes the goods.  The United States Patent and Trademark Office requires that the traditional spelling of a fancifully spelled descriptive term be disclaimed.  Plaintiff's voluntary disclaimer of "Juice" was an acknowledgement that Plaintiff considers CJ CRUNK the dominant and distinctive portion of the trademark.

8. On June 16, 2010 and again on June 24, 2010, the United States Patent & Trademark Office (hereinafter the "USPTO") examined the CJ CRUNK JUCE and design application and searched the Trademark Office records to identify potentially conflicting application and registrations.  No marks were cited by the

Trademark Examiner as being likely to cause confusion with Plaintiff's CJ CRUNK JUCE and design mark.

9. Plaintiff's CJ CRUNK JUCE product was designed with distinctive product packaging notable for its clean and simple presentation emphasizing the abbreviation CJ and the distinctive CRUNK trademark. An example of the Plaintiff's product packaging is attached hereto as <u>Exhibit A</u>.

10. Plaintiff has been using the distinctive CRUNK trademark since at least as early as February 12, 2004 in connection with a successful line of energy drinks and holds several U.S. Federal registrations composed of the mark, including CRUNK (U.S. Reg. No. 3,030,763), CRUNK!!! (U.S. Reg. Nos. 2,941,837, 2,943,773 & 3,040,096), GET YOUR CRUNK ON (U.S. Reg. No. 2,937,953) and GET CRUNK (U.S. Reg. No. 3,036,884). Registration Numbers 2,941,837 and 2,943,773 have been bestowed incontestable status by the USPTO.

11. Plaintiff's inspiration for the CJ CRUNK JUCE product came from its founder Sidney Frank, the businessman famous for successfully marketing the Grey Goose and Jägermeister brands in the United States. In 2003, Mr. Frank envisioned a prepackaged alcoholic beverage sold under the trademark and took steps to secure the name. However, Mr. Frank and Plaintiff turned their attention to marketing an energy drink under the CRUNK brand.

12. Although Plaintiff did not release a prepackaged alcoholic beverage under the trademark CJ CRUNK JUCE until June 2010, Plaintiff has been using the mark CRUNK JUICE as a drink recipe name on its website since at least as early as 2004.

13. Plaintiff, through its licensee, has expended considerable time, resources and effort in developing and promoting the CRUNK and CJ CRUNK JUCE marks and as a result the marks have developed significant goodwill.

### B.  United Brands' JOOSE Trademark

14. Upon information and belief, on December 13, 2006, Defendant filed a U.S. Federal trademark application for the trademark JOOSE, in text form, for "alcoholic beverages produced from a brewed malt base with natural juice flavorings."  The application alleged December 8, 2006, as the date of first use in United States commerce.  On April 11, 2007, the USPTO issued an office action refusing registration of JOOSE, because "[t]he term JUICE is descriptive of Applicant's goods, because presumably, Applicant's goods either contain juice, are flavored with juice, or are juice flavored."  In response to the April 11, 2007 office action, Defendant amended the application to seek registration on the U.S. Federal Supplemental Register.

15. Defendant's registration for JOOSE on the Supplemental Register issued on or around July 10, 2007 as Registration No. 3,263,454.  Under 15 U.S.C.

§ 1094, registrations on the Supplemental Register are not entitled to the benefits listed in that statute that are afforded to registrations on the Principal Register. A copy of the April 11, 2007 office action and Defendant's amendment are attached hereto as Exhibit B.

16. Upon information and belief, on June 12, 2007, United Brands again applied for registration on the Principal Register, this time for the JOOSE trademark in the following design form: [JOOSE logo] for "alcoholic beverages produced from a brewed malt base with natural juice flavorings." The application alleged December 8, 2006, as the date of first use in United States commerce. On November 9, 2007, in response to the USPTO official office action, Defendant authorized the following limiting disclaimer be entered in the record "[n]o claim is made to the exclusive right to use 'JUICE' apart from the mark as shown." A copy of the official status page for the JOOSE registration and a copy of the amendment is attached hereto as Exhibit C.

### C.  United Brands' Threat of Litigation

17. On July 22, 2010, Defendant sent a cease-and-desist letter ("the July 22, 2010 letter") to Plaintiff alleging that Plaintiff's use of its CJ CRUNK JUCE and

design mark infringed Defendant's JOOSE trademark.  A copy of the July 22, 2010 letter is attached hereto as <u>Exhibit C</u>.

18.  The July 22, 2010 letter alleged Plaintiff's use of its CJ CRUNK JUCE and design trademark "is confusingly and/or deceptively similar to our [Defendant's] JOOSE trademark and also constitutes a reproduction or imitation thereof."

19. The July 22, 2010 letter demanded that Plaintiff discontinue all use of Plaintiff's CJ CRUNK JUCE and design trademark.

20. The July 22, 2010 letter further demanded that Plaintiff turn over and deliver to Defendant all materials bearing Plaintiff's CJ CRUNK JUCE and design trademark and "provide an accounting of gross sales to date for the items objected to" by Defendant.

21. The July 22, 2010 letter threatened that Defendant would "take appropriate steps to enforce [its] rights" if Plaintiff failed to comply with all of Defendant's demands.

22. There exists no good faith basis for Defendant to allege or threaten that Plaintiff's use of its CJ CRUNK JUCE and design trademark infringes upon Defendant's mark; constitutes a reproduction, copy, counterfeit, or colorable imitation of Defendant's mark; constitutes unfair competition; or in any way creates a likelihood of confusion with Defendant's mark.

23. The allegations and/or threats contained in the July 22, 2010 letter were asserted wrongly, unreasonably, and in bad faith.

24. Defendant's unfounded and bad faith allegations concerning Plaintiff's CJ CRUNK JUCE and design mark causes harm to the value, reputation, and good will associated with the CJ CRUNK JUCE and design mark.

25. Plaintiff would sustain significant harm and/or damage if required to cease use of its CJ CRUNK JUCE and design mark.  Such harm and/or damage includes, without limitation, the loss of good will associated with the CJ CRUNK JUCE and design mark and the expenditure of significant time, money, and resources to develop, implement, and acquire goodwill and secondary meaning associated with the mark.

26. Based on Defendant's allegations and threats contained in the July 22, 2010 letter, Plaintiff has a reasonable apprehension of litigation.  Specifically, and without limitation, Plaintiff has a reasonable apprehension Defendant will commence a suit against Plaintiff for, without limitation, alleged trademark infringement, counterfeiting, and/or unfair competition.  The dispute between Plaintiff and Defendant is definite and concrete, real and substantial, and touches upon the legal relations of parties having adverse legal interests.  This substantial controversy is of sufficient immediacy and reality to warrant the issuance of a

declaratory judgment. Accordingly, a case or controversy under 28 U.S.C. § 2201 exists.

### D.  United Brands' False Statement to Solvi's Business Partner

27. Plaintiff's licensee, Gila Brew Co. LLC, maintains important business relations with third-party manufacturers, consulting firms, and distributors to produce, market and distribute the CJ CRUNK JUCE product.

28. Upon information and belief, Defendant has contacted a third-party manufacturer Plaintiff engaged to manufacture the CJ CRUNK JUCE product, falsely claiming that the Defendant commenced litigation against Plaintiff for its alleged misappropriation of the JOOSE trademark and demanding that the manufacturer cease producing the Plaintiff's product.

### COUNT I

### DECLARATORY JUDGMENT THAT PLAINTIFF'S CJ CRUNK JUCE MARK NEITHER VIOLATES THE LANHAM ACT NOR CONSTITUTES TRADEMARK INFRINGEMENT OR UNFAIR COMPETITION UNDER STATE LAW

29. Plaintiff incorporates by reference the allegations of the preceding paragraphs 1-28.

30. Plaintiff's use of its CJ CRUNK JUCE and design mark is not likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Plaintiff with Defendant or any other person, or as to the origin, sponsorship, or approval of Plaintiff's goods by Defendant or any other person.

31. Accordingly, Plaintiff is entitled to a declaratory judgment that its use of the CJ CRUNK JUCE and design mark does not violate Section 32 or Section 43(a) of the Lanham Act, or constitute unfair competition or trademark infringement under the common law of any state in the United States.

## COUNT II

### DECLARATORY JUDGMENT THAT THE CJ CRUNK JUCE MARK IS NOT A REPRODUCTION, COPY, COUNTERFEIT, OR COLORABLE IMITATION OF DEFENDANT'S JOOSE TRADEMARK

32. Plaintiff incorporates by reference the allegations of the preceding paragraphs 1-31.

33. Plaintiff's CJ CRUNK JUCE and design mark is not a reproduction, copy, counterfeit, or colorable imitation of Defendant's JOOSE mark under the Lanham Act, 15 U.S.C. § 1051 *et seq*.

34. Accordingly, Plaintiff is entitled to a declaratory judgment that its CJ CRUNK JUCE and design mark is not a reproduction, copy, counterfeit, or colorable imitation of Defendant's JOOSE mark under the Lanham Act, 15 U.S.C. § 1051 *et seq*.

## COUNT III

## DEFAMATION

35. Plaintiff incorporates by reference the allegations of the preceding paragraphs 1-34.

36. Defendant purposefully and without privilege, made statements to the third-party manufacturer that manufactures Plaintiff's product falsely and maliciously alleging that Plaintiff misappropriated Defendant's trademark, that legal action was taken against Plaintiff and demanding that the manufacturer cease producing Plaintiff's product.

37. Defendant's statements to Plaintiff's manufacturer were false, slander *per se*, and unprivileged communications to a third party of and concerning Plaintiff, arising from fault by Defendant amounting to at least negligence and made with malice with the intent to injure Plaintiff by attempting to induce Plaintiff's manufacturer to cease its business relationship with the Plaintiff. Defendant imputed to Plaintiff conduct, characteristics or a condition incompatible with proper exercise of lawful business or trade, tending to injure Plaintiff.

38. Accordingly, Plaintiff is entitled to injunctive relief, damages, and/or all other available statutory remedies.

## COUNT IV

## GEORGIA UNFAIR COMPETITION

39. Plaintiff incorporates by reference the allegations of the preceding paragraphs 1-38.

40. Defendant has made false and misleading statements concerning Plaintiff and its product, in violation of the Georgia common law of unfair competition. Defendant is liable to Plaintiff for unfair competition under Georgia law.

41. As a result of Defendant's acts, Plaintiff has suffered and will continue to suffer damage and irreparable injury, including but not limited to loss of goodwill, loss of competitive advantage, and pecuniary damages.

42. Plaintiff is entitled to compensatory damages, punitive damages, and injunctive relief based on Defendant's violations of the Georgia common law of unfair competition.

## COUNT V

## VIOLATION OF GEORGIA UNIFORM DECEPTIVE PRACTICES ACT

43. Plaintiff incorporates by reference the allegations of the preceding paragraphs 1-42.

44. Defendant's false and misleading statements disparage Plaintiff's goods and business. Consequently, Defendant has engaged in a deceptive trade practice within the meaning of O.C.G.A. § 10-1-372(a)(8).

45. Defendant's deceptive trade practice has caused, and will continue to cause, great, immediate, and irreparable harm to Plaintiff's business reputation and injury to its goodwill, loss of competitive advantage, and pecuniary damages. Plaintiff has no adequate remedy at law.

46. Pursuant to O.C.G.A. § 10-1-373, Plaintiff is entitled to its attorneys' fees and injunctive relief based on Defendant's willful engagement in a deceptive trade practice.

## COUNT VI

### ATTORNEYS' FEES UNDER O.C.G.A. § 13-6-11

47. Plaintiff incorporates by reference the allegations of the preceding paragraphs 1-46.

48. Defendant's actions stated herein have been taken in bad faith, and Defendant has caused Plaintiff unnecessary trouble and expense, such that Plaintiff is entitled to recover its attorney's fees pursuant to O.C.G.A. § 13-6-11.

## COUNT VII

## PUNITIVE DAMAGES UNDER O.C.G.A. § 51-12-5.1

49. Plaintiff incorporates by reference the allegations of the preceding paragraphs 1-48.

50. Defendant's conduct as described herein constitutes willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care that would raise the presumption of conscious indifference to consequences.

51. As a result, Plaintiff is entitled to an award of punitive damages pursuant to O.C.G.A § 51-12-5.1 because of Plaintiff's deceptive trade practices, unfair competition, and defamatory conduct.

**WHEREFORE**, Solvi requests the following relief:

(a)     That the Court enter judgment declaring that Solvi's use of its CJ CRUNK JUCE and design mark does not violate § 32 or §43(a) of the Lanham Act, 15 U.S.C. § 1114 or 1125(a), or constitute unfair competition with, or trademark infringement under the Lanham Act or the common law of, Defendant's JOOSE brand;

(b)     That the Court enter a judgment declaring Solvi's use of the CJ CRUNK JUCE and design mark is not a reproduction, copy, counterfeit, or

colorable imitation of Defendant's JOOSE mark under the Lanham Act, 15 U.S.C. § 1051 *et seq.*;

(c) That the Court enter judgment enjoining Defendant, its agents, servants, employees, attorneys from (1) interfering with, or threatening to interfere with, use of the CJ CRUNK JUCE and design trademark by Plaintiff or its agents, employees, representatives, licensees, vendors, customers, successors, or assigns, and/or (2) threatening to institute or instituting any action, including, without limitation, any administrative, USPTO, or Trademark Trial and Appeal Board proceeding, or other district court proceeding placing at issue the validity of Solvi's CJ CRUNK JUCE and design trademark or Solvi's right to use its CJ CRUNK JUCE and design trademark;

(d) That the Court award Solvi punitive damages;

(e) That the Court award Solvi its attorneys' fees, costs, and expenses incurred in this action; and

(f) That the Court grant Solvi such other and further relief as this Court may deem just and proper.

## DEMAND FOR A JURY TRIAL

Pursuant to Fed.R.Civ.P. 38, Plaintiff hereby demands trial by jury as to all issues so triable in this action.

**SOLVI BRANDS, LLC**

/s/ Michael A. Cicero
Michael A. Cicero, Ga. Bar No. 125688
mcicero@wcsr.com
WOMBLE CARLYLE SANDRIDGE & RICE, PLLC
271 17th Street, NW, Suite 2400
Atlanta, Georgia  30363-1017
Phone: (404) 872-7000
Fax: (404) 888-7490

Of Counsel:

Barry Kramer
Michael R. Rizzo
EDWARDS ANGELL PALMER & DODGE LLP
1875 Eye Street, NW
Washington, D.C.  20006
Phone:  (202) 478-7372
Fax:  (866) 658-1045